**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| (Rural Development f/k/a Farmers | ) | |
| Home Administration), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2014-0099 |
| | ) | |
| ARTHUR BRIDGEWATER, as Executor of | ) | |
| the Estate of DARIEL SMITH, deceased, | ) | |
| ANTONIO MARTIN, DENISE L. EASTMAN, | ) | |
| MALIEM JAMES, and ABIJAH KNIGHT, | ) | |
| Heirs at Law of DARIEL SMITH, deceased; and | ) | |
| THE GOVERNMENT OF THE VIRGIN ISLANDS | ) | |
| (Bureau of Internal Revenue), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**Attorneys:**
**Angela P. Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
   *For Plaintiff*

**Arthur Bridgewater,** *Pro Se*
St. Croix, U.S.V.I.

**Raymond T. James, Esq.,**
St. Croix, U.S.V.I.
   *For Defendant Government of the Virgin Islands*

**<u>MEMORANDUM OPINION</u>**

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment as to Defendants Antonio Martin, Denise L. Eastman, Maliem James, and Abijah Knight, and Summary Judgment as to Defendant Arthur Bridgewater" (the "Motion"), filed by Plaintiff United States of America (Rural Development f/k/a Farmers Home Administration) ("Plaintiff" or the "United States"). (Dkt. No. 36). For the reasons discussed below, the Court will grant the Motion.

# I.   BACKGROUND

On November 21, 2014, the United States filed a Complaint for debt and foreclosure against Defendants Arthur Bridgewater ("Bridgewater"), as Executor of the Estate of Dariel Smith, deceased; Antonio Martin, Denise L. Eastman; Maliem James, and Abijah Knight, Heirs at Law of Dariel Smith, deceased (collectively, the "heirs"); and the Government of the Virgin Islands, Bureau of Internal Revenue (the "V.I. Government"). (Dkt. No. 1). The United States alleged that, on May 9, 1980, Dariel Smith ("Smith") executed and delivered to the United States, acting through Rural Development (formerly known as the Farmers Home Administration, an agency of the U.S. Department of Agriculture), a Promissory Note (the "Note") in which she promised to pay the United States $41,478.26, plus interest at the rate of 10.00% per annum, in monthly installments beginning on February 9, 1981. *Id.* ¶ 10. As security for payment on the Note, Smith executed on the same day and delivered to the United States a Mortgage encumbering the following property ("the Property") described as:

> Plot No. 130, Estate Humbug, St. Croix, United States Virgin Islands, consisting of 0.231 U.S. Acre, more or less, all as more fully shown on Public Works Department Drawing No. 3254, dated December 2, 1975, revised March 13, 1978.

*Id.* ¶ 11. The Complaint alleged that, on May 9, 1980, Smith also entered a Subsidy Repayment Agreement with the United States, providing for the United States to recapture interest credits granted to Smith upon foreclosure of the Mortgage. *Id.* ¶ 12. The Complaint further alleged that, on August 11, 1997, Smith and the United States entered into a Reamortization and/or Deferral Agreement ("Reamortization Agreement") which provided that a $316.00 payment would be due and payable on September 9, 1997 and that thereafter, monthly installments in the amount of $316.00 would be due on the 9th day of each month, with the final installment due on May 9, 2013. *Id.* ¶ 13.

The Complaint provided that, upon information and belief, Smith died testate on February 24, 2004. Prior to her death, Smith executed a Last Will and Testament in which she nominated Defendant Bridgewater as Executor of her estate, devising the Property to her children, Defendants Antonio Martin and Denise Eastman, and to her grandsons, Defendants Abijah Knight and Maliem James, in four equal shares per stirpes, subject to a life estate to Bridgewater. The Last Will and Testament of Smith has not been probated. *Id.* ¶¶ 14, 15. Currently, Bridgewater resides on the Property. *Id.* ¶ 16. The United States attached to the Complaint, *inter alia*, copies of Smith's Certificate of Death and Last Will and Testament. (Dkt. Nos. 1-5, 1-6).

The Complaint went on to say that the United States is the present owner and holder of the Note, Mortgage, and Reamortization Agreement, and its Mortgage lien on the Property is superior to any other right, title or interest of any of the Defendants. *Id.* ¶ 17. The Complaint alleged that none of Smith's heirs assumed the debt owed Plaintiff, and the Note, Mortgage, and Reamortization Agreement were in default because no one had paid the monthly installment due on March 9, 2004 and all subsequent installments. *Id.* ¶ 18. By reason of the default, and pursuant to the terms of those documents, the United States declared the entire amount of the indebtedness evidenced by the Note and Reamortization Agreement, and secured by the Mortgage, to be immediately due and payable, and demanded payment. As of the date of the Complaint, Defendants Bridgewater and the heirs have failed to cure the default. *Id.* ¶¶ 19-20.

The Complaint provided that the following sums were due under the Note as of August 14, 2014: $19,536.42 in principal; $20,665.79 in interest through August 14, 2014; interest on the assessed fees of $5,285.94; and escrow fees for taxes and insurance of $10,414.41; for a total amount due of $52,276.16. That sum accrues interest at the rate of $2.2094 per diem until the date of Judgment, and at the legal rate of interest, pursuant to 28 U.S.C. § 1961, thereafter. *Id.* ¶ 21.

3

The United States named the V.I. Government as a Defendant because it "may claim an interest in the aforesaid real property by virtue of two Virgin Islands Tax Liens against Dariel Smith, which notices were filed on December 13, 1993 and November 17, 2004," and asserted that this claim is subordinate to that of the United States. *Id.* ¶ 22. The United States sought judgment against Smith's estate, *inter alia*, for all amounts due under the Note and Reamortization Agreement, and foreclosure of the Mortgage. The United States also sought a judgment declaring the priority of liens against the Property, including that the United States holds a first priority lien. *Id.* at p. 8.

Bridgewater signed a Waiver of Service on December 11, 2014 (Dkt. Nos. 3, 9); the V.I. Government signed a Waiver of Service on December 4, 2014 (Dkt. No. 4); Antonio Martin signed a Waiver of Service on December 23, 2014 (Dkt. No. 5); Abijah Knight signed a Waiver of Service on December 24, 2014 (Dkt. No. 6); and Maliem James signed a Waiver of Service on December 22, 2014 (Dkt. No. 8).

On January 12, 2015, the United States filed a Notice of Voluntary Dismissal, terminating the V.I. Government as a Defendant, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), as it had no interest in the Property. (Dkt. No. 7). The United States attached a Certificate of Release of Virgin Islands Tax Lien No. 302882004 to its Notice. (Dkt. No. 7-1).

On February 11, 2015, Bridgewater, appearing *pro se*, filed an Answer to the Complaint. (Dkt. No. 10).

The United States filed applications for entry of default against Abijah Knight, Antonio Martin, and Maliem James on April 17, 2015 (Dkt. Nos. 11, 12, 13); the Clerk of Court entered default against them on April 20, 2015 (Dkt. Nos. 14, 15, 16).

The Court granted Plaintiff's Motion for Extension of Time to serve process on Defendant Denise L. Eastman (Dkt. No. 19), and granted Plaintiff's Motion for Substituted Service by

Publication on Defendant Eastman (Dkt. No. 27). After Plaintiff provided Notice of Substituted Service (Dkt. No. 31), it filed an application for entry of default against her (Dkt. No. 32). The Clerk of Court entered default against Defendant Eastman on September 4, 2015. (Dkt. No. 34).

In the meanwhile, although it had been dismissed from this case, the V.I. Government filed an Answer and Crossclaim against the individual Defendants, based on the alleged 1993 and 2004 tax liens against Dariel Smith. (Dkt. No. 30).

On September 30, 2015, the United States filed the instant Motion for Default Judgment against Defendants Martin, Eastman, James and Knight, and for Summary Judgment against Defendant Bridgewater. (Dkt. No. 36). In its Memorandum in Support of its Motion, the United States contends that default judgment against the heirs of the deceased borrower, Dariel Smith, is appropriate because, prior to her death, Smith executed and delivered the Note and Mortgage to the United States, in which she promised to pay the debt owed, and pledged the Property as security for the debt. (Dkt. No. 38 at 5). After Smith died in February 2004, an action to probate her estate pursuant to her Last Will and Testament began in the Family Division of the Superior Court of the Virgin Islands. In her Will, Smith devised the Property to Defendants Martin, Eastman, James, and Knight. However, the probate action was never completed and it was closed in October 2011 for lack of prosecution. *Id.*[1] The United States goes on to argue that Smith's heirs received notice of this action: Martin, James and Knight received the complaint by certified mail and their waivers

---

[1] The United States attached a copy of the Probate Court Order which closed Smith's probate case. The Order described how Bridgewater, the Executor of Smith's estate, filed a motion in October 2010 in which he represented to the court that he was "financially unable to carry the burden of ... the mortgage" and asked to stay the probate proceeding while he contemplated what actions he could take to save the property—the only asset of the estate. (Dkt. No. 37-1). However, after the motion was filed, neither Bridgewater nor his attorney communicated with the court. Rather than staying the proceeding indefinitely, the court opted to close the matter by Order entered on October 14, 2011, until a "motivated party" would move to reopen and "petition for the authority to duly dispose of the Estate's asset." *Id.*

and acknowledgments of service were filed with the Court, and Defendant Eastman was served by publication. Despite notice, none of the heirs appeared or provided any response or defense to the foreclosure complaint, attempted to pay the outstanding balance on the Mortgage, or assume the debt—which had been in default since March 9, 2004. *Id.* at 6. In addition, the United States argues that the three factors for determining whether default judgment is appropriate, as set forth in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000), are met. *Id.* at 7-8.

The United States included a "Declaration on the Certification of Government Records and Non-Military Status of All Defendants," signed by Kimme R. Bryce, Area Director, United States Department of Agriculture, who had personal knowledge of the documents executed by Smith, which were maintained as part of the United States' business records. (Dkt. No. 37-4). In her Declaration, Ms. Bryce stated that she had personal knowledge of some of the non-borrower Defendants: Bridgewater was Smith's "significant other," Antonio Martin was her son, and Denise Eastman was her daughter. Since Rural Development did not require its borrowers to provide the birthdates and social security numbers of its children, it was unable to conduct searches on the Department of Defense Manpower Data Center to determine if any of the Defendants were active members of the military. However, through diligent search and inquiry, and to the best of her knowledge, Bryce declared that neither Bridgewater nor Smith's heirs were active duty members of the military and were not entitled to any rights under the Servicemembers Civil Relief Act. *Id.*

Ms. Bryce also signed a Certificate of Indebtedness, attached to her Declaration, certifying that Smith was indebted to the United States in the amount stated on the Payoff Information Sheet, which itemized how the interest and costs on the account were calculated. (Dkt. No. 37-5). She asserted that, as of September 30, 2015, Smith was indebted to the United States in the principal amount of $19,536.42; plus accrued interest from January 16, 2004 to September 30, 2015 in the amount of $22,865.64; plus taxes, insurance, title search and recording fees of $10,803.81; plus

interest on those fees of $6,490.62; plus subsidy recapture fees of $2.46; for a total indebtedness of $59,878.95. In addition, $5.3524 in per diem interest on the principal and $3.0092 in per diem interest on the fees accrues from October 1, 2015 until the date of Judgment. *Id.*

The United States also provided a Declaration of its counsel, Angela Tyson-Floyd, Esq., in support of its Motion. (Dkt. No. 37-2). Attorney Tyson-Floyd averred that Bridgewater was named as a Defendant because Smith bequeathed to him a life estate in the Property and, upon information and belief, he presently resides there. Defendants Martin, Eastman, James and Knight were named as parties because they are Smith's heirs and, prior to her death, she devised the Property to them in equal shares. *Id.* Attorney Tyson-Floyd stated that the heirs all received notice of the action by mail or through substituted service by publication, but failed to enter an appearance or defend the action. She also declared that, to the best of her knowledge, none of the Defendants were infants or incompetent people. Further, she reiterated what Ms. Bryce indicated in her Declaration: that she was unable to obtain a Certificate of Non-Military Service for the heirs because their social security numbers and dates of birth were unknown; however, "upon information and belief and after diligent search in public databases," none of the heirs were in any branch of the military. She averred that she was personally acquainted with Bridgewater, that he is not in any branch of the military, and that he is not incompetent. *Id.* The United States concluded that default judgment against the heirs was appropriate.

The United States also argued that it was entitled to summary judgment against Bridgewater. (Dkt. No. 38 at 8-9). Plaintiff noted that Bridgewater's life estate interest in the Property was inferior to the United States' interest. Plaintiff also asserted that Bridgewater made no payments on the Mortgage—which has been in default since March 2004—although he has continuously resided in the Property. The United States claims that "it appears that Bridgewater does not have the financial means to pay the debt owed Plaintiff or to even assume the mortgage."

7

*Id.* at 9. Plaintiff concluded that it is entitled to judgment of foreclosure based on the Note, Mortgage, Reamortization Agreement, and the fact the Mortgage is in default. *Id.*

None of the Defendants responded to the United States' Motion for Default and Summary Judgment.

On August 1, 2016, the Court issued an Order setting a conference in this case to discuss the status of the two Virgin Islands tax liens on the Property that the United States had mentioned in its Complaint, and that the V.I. Government had mentioned in its Crossclaim against the other Defendants. (Dkt. No. 40). The individual Defendants (other than Diane Eastman, whose address is unknown) were apprised of the status conference by certified mail, return receipt requested, but did not appear in person or request to appear by telephone, as provided in the August 1, 2016 Order. (Dkt. Nos. 47-50). At the status conference, the V.I. Government stated that it no longer had any outstanding liens on the Property. Accordingly, the United States and the V.I. Government agreed that they would stipulate to the dismissal of the V.I. Government as a Defendant. The Stipulation of Dismissal was filed on August 23, 2016. (Dkt. No. 51).

In addition, at the status conference, the Court inquired of the United States whether there was any effect on this case of the Property not having been probated. Counsel responded that generally, in such a circumstance, the United States would request that a guardian *ad litem* be appointed to ensure that the interests of the heirs were protected. In this case, however, there was an executor and an attempt to probate the estate. Counsel added that she would supplement the United States' Motion for Default and Summary Judgment with a declaration recounting her efforts to contact the heirs.

On August 24, 2016, counsel filed a Supplemental Declaration which described her efforts in contacting the individual Defendants to inform them about the foreclosure proceedings. (Dkt. No. 52). Counsel averred that Defendant Bridgewater met with her after the Complaint was filed,

8

and asserted that he was unable to pay off the outstanding debt owed to the United States. (Dkt. No. 52-1). Counsel also recounted her conversations and e-mail exchanges with Defendant Maliem James, who acted as a spokesperson for the remaining individual Defendants. *Id.* Counsel stated that Defendant James was instrumental in getting Defendants Martin and Knight to return the Acknowledgment and Waiver of Service forms. Counsel also provided Defendant James with a sample answer to a foreclosure complaint to avoid entry of default, which he acknowledged. Eventually James stopped communicating with counsel. *Id.*

## II.   APPLICABLE LEGAL PRINCIPLES

### A. Default Judgment

In a motion for default judgment, '"the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment."' *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co*., 189 F.2d 242, 244 (3d Cir. 1951).   In the context of a grant of default judgment pursuant to Federal Rule of Civil Procedure 55, '"[t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Star Pacific Corp.,* 574 F. App'x at 231 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

A motion for default judgment must contain evidence, by affidavits and/or documents, of the following:

(1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemembers] Civil Relief Act.

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

### B. Summary Judgment

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, on the uncontroverted facts, it is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Bonkowski v. Oberg Indus.*, 787 F.3d 190, 195 n.1 (3d Cir. 2015). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Mahoney v. McDonnell*, 2015 U.S. App. LEXIS 10662, at *10 (3d Cir. June 24, 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party has met this burden, the non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or . . . vague statements." *Patterson v. Glory Foods, Inc.*, 555 F. App'x 207, 211 (3d Cir. 2014) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991) (internal quotation marks omitted; alteration in original)); *see also* FED. R. CIV. P. 56(c). A genuine issue of material fact exists when

10

the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Anderson*, 477 U.S. at 248. When a genuine issue of material fact exists, summary judgment is inappropriate. *See Fontroy v. Beard*, 559 F.3d 173, 182 (3d Cir. 2009) (citations omitted).

'"Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment.'" *LPP Mortgage, Ltd. v. Ferris*, 2014 WL 2459802, at *4 (D.V.I. June 2, 2014) (quoting *Pemberton Sales & Serv., Inc. v. Banco Popular de Puerto Rico*, 877 F. Supp. 961, 971 (D.V.I. 1994)). To succeed on a debt and foreclosure action, the plaintiff must show: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Id.* at *5 (D.V.I. June 2, 2014) (citing *Thompson v. Fla. Wood Treaters, Inc.*, 2009 WL 4730794, at *3 (D.V.I. Dec. 6, 2009)).

## III.    ANALYSIS

### A.  Default Judgment Against Martin, Eastman, James, and Knight

The United States has satisfied all of the requirements necessary to obtain a default judgment against the Defendant heirs: Antonio Martin, Denise L. Eastman, Maliem James, and Abijah Knight. It has properly shown that Martin, Knight, and James signed Waivers of Service which were filed with the Court (Dkt. Nos. 5, 6, 8), thus indicating they were validly served with the Summons and Complaint. *See* Fed. R. Civ. P. 4(d)(4) ("When a plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver."). Defendant Eastman was served by substituted service by publication. (Dkt. No. 31). The United States has also shown that these Defendants failed to answer, plead or otherwise defend this action, and that default was entered against them by the Clerk of Court. (Dkt. Nos. 14, 15, 16, 34).

In her Declaration, Plaintiff's Attorney, Angela Tyson-Floyd, Esq., averred that, to the best of her knowledge, none of the Defendants were infants or incompetent persons. (Dkt. No. 37-2, ¶ 6). The Court finds that this sworn statement is sufficient to satisfy the default judgment requirement that the United States show that Defendants Martin, Eastman, James and Knight are not incompetent persons or infants. *See FirstBank Puerto Rico v. Jaymo Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (holding that counsel's "information and belief" are sufficient grounds upon which to find that a non-appearing defendant is not a minor or incompetent person for the purposes of obtaining a default judgment). In addition, the United States has shown with specificity how it calculated the amount of monies due by providing the Declaration of Kimme Bryce, a Certificate of Indebtedness, and a Payoff Information Sheet. (Dkt. Nos. 37-4, 37-5).

The United States was unable to provide copies of Military Status Reports from the Department of Defense Manpower Data Center showing that the Defendant heirs are not on active duty status with the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* because it did not have their social security numbers or dates of birth (as they were not the borrowers on the loan). The Court finds that Ms. Bryce's Declaration, echoed by that of Attorney Tyson-Floyd, that "through diligent search and inquiry, and to the best of declarant's knowledge and belief, neither defendant Arthur Bridgewater, nor the heirs to whom Dariel Smith bequeathed the property are active duty members of any branch of the military, and therefore, are not entitled to any of the rights and privileges as prescribed under the [Servicemembers] Civil Relief Act" satisfies this requirement for default judgment. (Dkt. No. 37-4; *see also* Dkt. No. 37-2).

Finally, the United States has argued, and the Court has considered, the *Chamberlain* factors and finds that the prejudice to the United States resulting from the failure of Smith's heirs to pay the Note or assume the debt after default, together with the apparent absence of a litigable

defense, weigh in favor of the Court granting default judgment. *See* Dkt. No. 38 at 7. In addition, the heirs' culpable conduct in relation to this debt is evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

Consequently, default judgment against Defendants Martin, Eastman, James and Knight is appropriate.

### B.  Summary Judgment against Bridgewater

The record shows that Smith executed the Note, Mortgage, and Subsidy Repayment Agreement on May 9, 1980 in favor of Plaintiff United States (Rural Development). (Dkt. Nos. 1-1, 1-2, 1-3). On August 11, 1997, Smith executed a Reamortization Agreement, also in favor of the United States. (Dkt. No. 1-4). The Government showed that Smith died in February 2004, after which the loan defaulted as of March 9, 2004. Under the terms of Smith's will, Bridgewater was appointed Executor of her estate and received a life estate in the Property (Dkt. No. 1-6), but he did not assume the debt. The United States accelerated the loan and demanded payment, but Bridgewater did not cure the default. As the owner and holder of the Note, the United States may pursue the debt and foreclosure action. Moreover, the Mortgage provides that, should default occur or should the borrower die, the United States may enforce available rights and remedies, including foreclosure sale. (Dkt. No. 1-2, ¶¶ 17, 18).

There is no genuine issue of material fact that the debt owed Plaintiff is in default and has not been paid despite demand. All the elements for summary judgment against Bridgewater are met. *See United States v. Springer*, 2013 WL 363681, at *4 (D.V.I. Jan. 24, 2013) (finding

summary judgment appropriate against son of deceased property owner who did not assume mortgage payments).

The Court also finds that the United States' lien on the property is superior to Bridgewater's life estate.

In sum, the Court will grant Plaintiff's Motion for Summary Judgment against Defendant Bridgewater.

## IV.    CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff's Motion for Default Judgment against Defendants Antonio Martin, Denise L. Eastman, Maliem James, and Abijah Knight, and will grant Plaintiff's Motion for Summary Judgment against Defendant Arthur Bridgewater. (Dkt. No. 36).

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: August 26, 2016

_____/s/_____
WILMA A. LEWIS
Chief Judge